UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APRIL L. BIDDINGER, individually, and as parent and natural guardian of C.S., a minor, <br><br> Plaintiff, <br><br> v. <br><br> HANOVER AREA SCHOOL DISTRICT, <br><br> Defendant. | CIVIL ACTION NO. 3:22-cv-01509 <br><br> (SAPORITO, M.J.) |

## ORDER

In this federal civil action, the plaintiff seeks to hold the defendant, Hanover Area School District (the "District"), liable for a violent physical attack on her child, C.S., by another student at the same school, M.C. Prior to the attack, C.S. had reported threats he had received from M.C. to school officials. Rather than separate the students or take other action to prevent a violent encounter, a school principal chose instead to bring both C.S. and M.C. together for a face-to-face meeting, where M.C. provided assurances that he would not attack C.S. School officials took no further investigative, remedial, or preventative steps. The next school day—following an intervening weekend—M.C. attacked C.S. without

provocation in the school cafeteria at lunchtime, causing C.S. to suffer a concussion. The attack has also impacted C.S.'s mental and emotional health.

The plaintiff has filed a four-count complaint against the District, asserting damages claims under 42 U.S.C. § 1983 and state tort law. In Count I, she claims that the District's acts or omissions deprived C.S. of his Fourteenth Amendment due process right to bodily integrity. In Count II, she asserts parallel Fourteenth Amendment due process claims against the District under "state-created danger" and "special relationship" theories of liability. In Count III, she claims that the District's acts or omissions deprived C.S. of his Fourteenth Amendment equal protection rights. In Count IV, she seeks to hold the District liable for the state common law tort of intentional infliction of emotional distress ("IIED"). For relief, the plaintiff requests an award of compensatory and punitive damages.

The District has moved for dismissal of this action in its entirety for failure to state a claim upon which relief can be granted. In addition to challenging each count of the complaint on its merits, the District has also argued that punitive damages are not a cognizable remedy with

respect to a municipal government defendant such as the District. It also seeks dismissal of any claims to the extent the plaintiff seeks relief in her personal capacity, rather than as a representative of her minor child, C.S.

In her brief in opposition to the motion to dismiss, the plaintiff has explicitly abandoned several of her claims: (a) the "special relationship" due process claim asserted in Count II;[1] (b) the equal protection claim asserted in Count III; (c) the state-law IIED tort claim asserted in Count IV; and (d) all claims for punitive damages. The filing of a brief in opposition to a motion to dismiss that fails to respond to a substantive argument to dismiss a particular claim results in the waiver or abandonment of that claim. *See Dreibelbis v. Scholton*, 274 Fed. App'x 183, 185 (3d Cir. 2008) (affirming district court's finding of waiver as to an argument where plaintiff had opportunity to address it in his opposition brief but failed to do so); *Levy-Tatum v. Navient Solutions, Inc.*, 183 F. Supp. 3d 701, 712 (E.D. Pa. 2016) (collecting cases); *D'Angio v. Borough of Nescopeck*, 34 F. Supp. 2d 256, 265 (M.D. Pa. 1999) (finding claims waived where plaintiff failed to address defendant's argument in

---

[1] She has not abandoned the "state-created danger" due process claim asserted in that same count.

his brief in opposition to a motion to dismiss); *see also LM Gen. Ins. Co. v. LeBrun*, 470 F. Supp. 3d 440, 460 (E.D. Pa. 2020); *Celestial Cmty. Dev. Corp. v. City of Philadelphia*, 901 F. Supp. 2d 566, 578 (E.D. Pa. 2012). Accordingly, the plaintiff's "special relationship" due process claim, equal protection claim, IIED claim, and all claims for punitive damages will be dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In both Counts I and II, the plaintiff has asserted a Fourteenth Amendment substantive due process claim for deprivation of C.S.'s right to bodily integrity under a state-created danger theory of liability. Count I is styled as a "bodily integrity" claim and Count II is styled as a "state-created danger" claim. But these counts of the complaint are duplicative of one another. *See Dorley v. S. Fayette Twp. Sch. Dist.*, 129 F. Supp. 3d 220, 231 (W.D. Pa. 2015) ("[T]he state-created danger doctrine is one theory used to assert a claim for harm to one's bodily integrity—the deprivation of bodily integrity does not have distinct legal standing on its own."); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 235 (3d Cir. 2008) (analyzing a plaintiff's Fourteenth Amendment due process claim for deprivation of a constitutional liberty interest in personal bodily

integrity under a state-created danger doctrine); *Bennett ex rel. Irvine v. City of Philadelphia*, 499 F.3d 281, 286 (3d Cir. 2007) (same). Accordingly, the plaintiff's "bodily integrity" claim asserted in Count I of the complaint will be dismissed as duplicative of her "state-created danger" claim asserted in Count II of the complaint,[2] pursuant to the court's inherent authority to control its docket and avoid duplicative claims. *See Comsys, Inc. v. City of Kenosha*, 223 F. Supp. 3d 792, 802 (E.D. Wis. 2016); *Giannone v. Ayne Inst.*, 290 F. Supp. 2d 553, 566 (E.D. Pa. 2003).

Although the complaint purports to bring all claims on behalf of the plaintiff both individually and in her role as parent and guardian to C.S., a minor, it alleges no facts whatsoever in support of an individual claim by Biddinger, separate and apart from the claims asserted on behalf of the child, C.S. In her opposition papers, Biddinger cites decisions recognizing a state-law cause of action for recovery of a parent-plaintiff's lost earning capacity and medical expenses incurred in the care of his or her injured child,[3] but whether such a cause of action exists or not, the

---

[2] We dismiss Count I rather than Count II because Count II has expressly incorporated the entire substance of Count I by reference (*see* Compl. ¶ 94, Doc. 1-1), but the converse is not true.

[3] *See Fields v. Graff*, 784 F. Supp. 224, 226 (E.D. Pa. 1992); *Ritter v.*
(continued on next page)

complaint has failed to articulate such a claim or to allege any facts at all to support it. Accordingly, any claims asserted on behalf the plaintiff in her own personal capacity will be dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

What remains then is a § 1983 Fourteenth Amendment substantive due process claim for deprivation of C.S.'s right to bodily integrity under a state-created danger theory of liability, brought on behalf of C.S., as set forth in Count II of the complaint. Having considered all well-pleaded allegations of the complaint, viewed as true and in the light most favorable to the non-moving plaintiff, we find that the plaintiff has described enough facts to raise a reasonable expectation that discovery may reveal evidence of each necessary element of a state-created danger claim. Moreover, we find that she has described enough facts to raise a reasonable expectation that discovery may reveal evidence to support the imposition of municipal liability pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Therefore, we will permit this claim to

---

*Makos*, Docket No. 14-02653, 2015 WL 13779633, at *2 (Pa. Ct. Com. Pl. Nov. 5, 2015).

proceed beyond this, the pleadings stage.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The defendant's motion to dismiss (Doc. 4) is **GRANTED in part and DENIED in part**;

2. The plaintiff's § 1983 "bodily integrity" due process claim asserted in Count I of the complaint is **DISMISSED** as duplicative of the "state-created danger" claim asserted in Count II, pursuant to the court's inherent authority to control its docket and avoid duplicative claims;

3. The plaintiff's § 1983 "special relationship" due process claim asserted in Count II, § 1983 equal protection claim asserted in Count III, state-law tort claim for intentional infliction of emotional distress asserted in Count IV, all claims for punitive damages, and all claims asserted on behalf of the plaintiff in her personal capacity are **DISMISSED** for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure;

4. The plaintiff's § 1983 "state-created danger" due process claim asserted in Count II shall be permitted to proceed to the extent it is asserted on behalf of the minor child, C.S.; and

5. The defendant shall file and serve its responsive pleading

within fourteen (14) days after entry of this order, *see* Fed. R. Civ. P. 12(a)(4).

Dated: September __15__, 2023

*Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge